UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ROBERT D. PITTMAN | * | CIVIL ACTION NO. |
|---|---|---|
| | * | |
| VERSUS | * | SECTION |
| | * | |
| BO-MAC CONTRACTORS, LTD. | * | JUDGE |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | |
| | * | |

* * * * * * * * * * * * * * * *

## COMPLAINT

The Complaint of plaintiff ROBERT D. PITTMAN, a person of the full age of majority who is a citizen of the State of Mississippi, respectfully represents that:

I.

Made Defendant herein is BO-MAC CONTRACTORS, LTD. (BO-MAC) a non-Louisiana partnership or corporation which is authorized to do and/or actually doing business within the jurisdiction of this Honorable Court. BO-MAC's principal business establishment in Louisiana is in Metairie, Louisiana.

II.

This action arises under the Jones Act, 46 U.S.C. §30104, and the General Maritime Law.

III.

Venue is proper in this Court since BO-MAC is deemed to reside in this judicial district because it is subject to personal jurisdiction here under 28 U.S.C. §1391(c).

1

IV.

At all material times hereto, including on or about November 29, 2011, plaintiff ROBERT D. PITTMAN was employed by defendant BO-MAC CONTRACTORS, LTD. as a seaman and member of the crew of the crane/spud/pile-driving barge HOUSTON and was acting in the course and scope of his employment with Defendant.

V.

At all material times hereto, including on or about November 29, 2011, the barge HOUSTON was owned and/or operated by defendant BO-MAC CONTRACTORS, LTD.

VI.

On or about November 29, 2011, plaintiff ROBERT D. PITTMAN injured his back while using a breaker bar to try to remove a nut on the flange of a water pipe under the Sunoco Logistics Nederland Terminal dock located on the Sabine-Neches waterway in Nederland, Texas. This work was done in the course of plaintiff's employment with defendant BO-MAC and in furtherance of the mission and function of the barge HOUSTON, which was to repair the Sunoco Logistics' dock. Plaintiff requested an impact wrench, which was the proper tool for this job, but his supervisor advised him that there was no impact wrench aboard the barge HOUSTON at the time. Further, defendant's supervisor refused to have an impact wrench brought to the barge at the dock, although this was within his control and feasible, stating that "we don't have time to go get one." The supervisor ordered plaintiff to use the breaker bar. The ability to obtain an impact wrench is evidenced by the fact that, following plaintiff's injury, an impact wrench was obtained by defendant to do this job.

### VII.

The actions and/or inaction of the defendant BO-MAC, through its supervisor and/or its other employees and/or agents in, for example, failing to have and/or obtain an impact wrench and failing to provide a safe place to work, constitute negligence under the Jones Act, which was a proximate cause of plaintiff's injuries and damages.

### VIII.

Defendant BO-MAC owed a duty to plaintiff under the General Maritime Law to maintain its vessel HOUSTON in a seaworthy condition.  However, the vessel HOUSTON was unseaworthy in, for example, failing to have an impact wrench and having an incompetent supervisor, and said unseaworthiness was a proximate cause of plaintiff's injuries and damages.

### IX.

Plaintiff sustained severe and disabling injuries to his back, including a large paracentral disc protrusion at L5-S1 which compressed on the thecal sac and S1 nerve root and for which plaintiff underwent lumbar surgery, among other injuries.  Plaintiff's injuries were caused by the negligence of defendant and/or by the unseaworthiness of the vessel HOUSTON.  To the extent plaintiff suffered from any pre-existing conditions, if any, such pre-existing conditions were aggravated, activated and/or worsened by the occurrence in question.

### X.

As a result of the foregoing, plaintiff ROBERT D. PITTMAN is entitled to recover damages from defendant BO-MAC in an amount that is reasonable in the premises for

the following: loss of past, present and future earnings, earning capacity and benefits; past, present and future pain and suffering, both physical and mental; permanent disabilities; past, present and future medical and related expenses; and/or loss of life's pleasures and enjoyment.

XI.

Plaintiff, a seaman who was injured while in the course and scope of his employment with defendant, is entitled to recover/receive from defendant appropriate maintenance and cure and found.

XII.

In the event that defendant BO-MAC fails to pay plaintiff the maintenance and cure benefits to which he is entitled, and defendant is arbitrary, capricious, willful, wanton, callous and/or unreasonable in this regard, plaintiff is also entitled to recover punitive damages, attorneys' fees, costs, and/or damages incurred as a result thereof (e.g. prolongation and/or aggravation of injuries) from defendant in an amount justified by the law and facts herein.

XIII.

The refusal of defendant's supervisor to provide the requested, necessary impact wrench created a high degree of risk of harm to plaintiff, was in conscious disregard of or indifferent to that risk of harm and constitutes reckless, willful and/or wanton disregard for the safety of plaintiff. Accordingly, plaintiff is entitled to recover punitive damages from defendant BO-MAC in an amount that is reasonable in the premises, within the discretion of the jury in accordance with law.

### XIV.

Plaintiff requests a trial by jury.

**WHEREFORE**, plaintiff ROBERT D. PITTMAN prays that there be judgment herein in his favor and against defendant BO-MAC CONTRACTORS, LTD. in an amount that is reasonable in the premises, which will fully and completely compensate plaintiff for all of the damages and losses that he has sustained and will sustain as a result of the injuries caused by the accident in question, together with legal interest thereon from the date of plaintiff's accident (or, alternatively, from the date of judicial demand) until paid and for all costs of these proceedings.

Plaintiff further prays for judgment in his favor and against defendant BO-MAC CONTRACTORS, LTD.:

1) For appropriate maintenance and cure and found;

2) For punitive damages, attorney's fees, costs, and damages incurred, in the event that defendant is arbitrary, capricious, willful, wanton, callous and/or unreasonable in failing to pay the maintenance and/or cure to or on behalf of plaintiff to which he is entitled, in an amount that is reasonable in the premises and in accordance with law; and

3) For punitive damages, in the event that defendant's conduct is determined to be in reckless, willful and/or wanton disregard for the safety of plaintiff, in an amount that is reasonable in the premises and in accordance with law.

Plaintiff further prays for a trial by jury and for all general and equitable relief.

_____
TERRENCE J. LESTELLE - T.A. - 8540
ANDREA S. LESTELLE - 8539
RICHARD M. MORGAIN - 32603
**LESTELLE & LESTELLE**
3421 N. Causeway Blvd., Suite 602
Metairie, LA 70002
Telephone: (504) 828-1224
Fax: (504) 828-1229
lestelle@lestellelaw.com

**Attorneys for Plaintiff
ROBERT D. PITTMAN**