UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| ROBERT PITTMAN | CIVIL ACTION |
| VERSUS | NO: 12-2590 |
| BO-MAC CONTRACTORS, LTD. | SECTION: "H"(2) |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Transfer Case to the Eastern District of Texas. (R. Doc. 14.)  For the following reasons, the motion is DENIED.

### BACKGROUND

Plaintiff filed this action under the Jones Act and the general maritime law.  Plaintiff alleges that he suffered a back injury while working on a barge owned and operated by Defendant. Defendant now files this motion to transfer venue to the Eastern District of Texas, on the grounds

1

that it is a more convenient forum. Defendant argues that Plaintiff was employed in the Eastern District of Texas at the time of the accident and his injury occurred in the Eastern District of Texas. Plaintiff opposes the motion.

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The moving party bears the burden of demonstrating that the case should be transferred to an alternate forum." *Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 608 (E.D. La. 2000) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)). Where the movant fails to demonstrate that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff, the plaintiff's choice should be respected. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). When evaluating a motion to transfer venue, the Fifth Circuit utilizes the "*Gilbert* Factors."[1] *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). The factors are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and

---

[1]*See generally Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).

2

> inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law

*Id*. While the factors guide the analysis, they are non–exclusive, and none are dispositive. *In re Volkswagen*, 545 F.3d at 315. The decision to transfer is within the sound discretion of this Court. *In re Atl. Marine Const. Co., Inc.*, 701 F.3d 736, 738 (5th Cir. 2012).

**LAW AND ANALYSIS**

In order for a case to be transferred under 28 U.S.C. § 1404(a), it must be transferred to a court of proper venue. Thus, the threshold question is whether the Eastern District of Texas is a venue in which this case could have originally been filed. The parties agree that this case could have been brought in the Eastern District of Texas. Based on its review of the record, the Court agrees. Defendant's corporate headquarters are in the Eastern District of Texas, thus Defendant "resides" there within the meaning of 28 U.S.C. § 1391(b)(1).[2] Therefore, it is appropriate to proceed to the question of whether Defendant has met its burden to prove that the Eastern District of Texas is clearly a more convenient venue than the Eastern District of Louisiana.

Defendant is initially correct when it notes that this accident occurred in the Eastern District

---

[2] § 1391(b)(1) provides that venue is proper in any district where the defendant resides.

3

of Texas; Plaintiff sought his initial medical treatment in the Eastern District of Texas; and, he was employed in the Eastern District of Texas at the time of the accident.  However, since the time of the accident, this case has developed significant contacts with other jurisdictions.  As Plaintiff notes in his opposition to this motion, the two primary eye witnesses to the accident live in Chalmette, LA (within the Eastern District of Louisiana) and Pembroke, Florida respectively.  Additionally, Plaintiff is currently domiciled in Mississippi and has received substantial medical treatment, including his lower back surgery, in Mississippi.

Defendant argues that transfer is warranted because the majority of its witnesses will be inconvenienced if they are forced to travel from Texas to Louisiana.  The Court disagrees.  Since the filing of this motion, both parties have filed their proposed witness lists for trial.  The plurality of the persons whose addresses are identified in Defendant's witness list live in Mississippi.  Furthermore, while only four of Defendant's proposed witnesses live in Louisiana, those individuals appear to be among the more important witnesses in this matter.[3]

Defendant makes much of the inconvenience it will endure if it is forced to litigate in Louisiana but ignores the inconvenience the Eastern District of Texas will impose on the majority of the witnesses it identifies in it's witness list.  In fact, based on its review of the record, the Court concludes that transferring this case to the Eastern District of Texas will be less convenient for

---

[3]They are the primary eye witness to the accident (Mr. Acosta) and three of Defendant's four expert witnesses.

4

almost all persons involved except Defendant and its employees. While the Court is able to conclude at the outset that this motion is not well–founded; the Court nonetheless analyzes the *Gilbert* Factors.

*1) Relative ease of access to sources of proof*

As addressed above, this case has significant contacts with multiple states. If this case is transferred to Texas, the Texas court will have easier access to the sources of proof regarding the facts of the accident itself, but will be significantly farther from the sources of proof regarding the nature and extent of Plaintiff's injuries than it is now. Plaintiff underwent back surgery in Mississippi, and Defendant's medical experts are located in Louisiana. Thus, this factor is neutral.

*2) Availability of compulsory process*

Defendant makes much of the availability of compulsory process for Plaintiff's co-employees in Texas. However, Plaintiff notes in his brief that the two primary fact witnesses (other than himself) live in Louisiana and Florida respectively. Thus, while a transfer to Texas will make compulsory process available as to less important fact witnesses, it will become unavailable for one of the major eyewitnesses. Thus, this factor weighs slightly against transfer.

*3) The cost of attendance for willing witnesses*

As discussed above, transfer to Texas will reduce Defendant's travel costs. However, transfer would also force Defendant to pay travel expenses for three experts based in Louisiana. Additionally, nearly all of Plaintiff's witnesses would be forced to travel significantly farther than

5

they would for a Louisiana trial.  Thus, this factor weighs against transfer.

*4) Other Practical Problems*

At this time, the Court is unaware of any "practical problems that make trial of a case easy, expeditious and inexpensive."  This factor is neutral.

*5) Administrative difficulties*

The Court is also unaware of any administrative difficulties, either in the Eastern District of Texas or the Eastern District of Louisiana, which would impact the decision to transfer.  Thus, this factor is neutral.

*6) Local Interest*

This is the sole factor which weighs in favor of transfer.  The accident at issue occurred in Texas, while Plaintiff was employed by a Texas partnership, and the initial treatment for the injury was in Texas.  This case had no contacts with Louisiana until discovery began.  Thus, this factor weighs in favor of transfer.

*7) The familiarity of the forum with the governing law & 8) Problems of conflict of laws*

This matter involves the application of maritime law.  The Eastern District of Texas and the Eastern District of Louisiana are equally familiar with federal law.  Additionally, the court is unaware of any conflicts issues.  Thus, these factors are neutral.

6

**CONCLUSION**

Based on a review of the *Gilbert* factors, the Court finds that three factors weigh against transfer, four are neutral, and one weighs in favor of transfer. More importantly, the weight of the evidence in this matter indicates that a transfer to Texas would be slightly more convenient for Defendant while imposing significant additional burdens on Plaintiff and the majority of non-party witnesses. Accordingly, Defendant's Motion to Transfer is DENIED.

New Orleans, Louisiana, this 10th day of September, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**